1　Herman Franck, Esq. (SBN. 123476)
　　Elizabeth Vogel, Esq. (SBN. 245772)
2　**FRANCK & ASSOCIATES**
　　1801 7th Street, Suite 150
3　Sacramento, California  95814
　　Telephone (916) 447-8400
4　Facsimile (916) 447-0720

5
　　Attorney for Plaintiffs
6　James Godoy, Rick Cruz, Miguel Marquez,
　　William McIntosh, Vincente Lopez,
7　Carlos Galindo, Scott Stephenson,
　　Alex Gutierrez, on Behalf of Themselves,
8　And as Class Representative of Others
　　Similarly Situated
9

10　　　　　　　**UNITED STATES DISTRICT COURT**
11　　　　　　　**NORTHERN DISTRICT OF CALIFORNIA**

12

13　JAMES GODOY, RICK CRUZ, MIGUEL　　Case No.
　　MARQUEZ, WILLIAM McINTOSH,
14　VINCENTE LOPEZ, CARLOS GALINDO,
　　SCOTT STEPHENSON, ALEX
15　GUTIERREZ,ON BEHALF OF
　　THEMSELVES AND AS　　　　　　**CLASS ACTION COMPLAINT FOR**
16　REPRESENTATIVES OF OTHER　　　**VIOLATION OF THE FEDERAL CIVIL**
　　SIMILARLY SITUATED CLASS　　　**RIGHTS ACT SEEKING DAMAGES,**
17　MEMBERS,　　　　　　　　　　**DECLARATORY RELIEF; INJUNCTIVE**
　　　　　　　　　　　　　　　**RELIEF; ATTORNEYS FEES; STATE**
18　　　　　　　　　　　　　　**LAW CLAIMS;**
19　　　　　　Plaintiffs,

20　　　v.　　　　　　　　　　　**JURY TRIAL DEMANDED**

21　ROBERT A. HOREL, FRANCISCO
　　JACQUEZ , N. GRANNIS, MATTHEW
22　CATE,

23　　　　　　Defendants

24

25

26

*Godoy et al. v. Horel, et al.*

Plaintiffs James Godoy, Rick Cruz, Miguel Marquez, William McIntosh, Vincente Lopez, Carlos Galindo, Scott Stephenson, and Alex Gutierrez allege and state as follows:

# I.
## JURISIDCTION AND VENUE

1. Jurisdiction in the United States District Court is based on federal question matter jurisdiction, 28 U.S.C. Sections 1331 and 1343, and the special grant of federal jurisdiction over actions arising under the federal civil rights act, 42 U.S.C. Section 1983, as set forth in 28 U.S.C. Section 1337.

2. The Court has supplemental jurisdiction over their state law claims under 28 U.S.C. Section 1367.

3. Venue in the Northern District of California is based on the fact that plaintiff's claims arose at their present housing status as time serving inmates at Pelican Bay State Prison, Crescent City, CA, Del Norte County, and that the claims asserted herein arose and occurred in Del Norte County, which is within the Northern District.

## II.
## PARTIES

4.  Plaintiff JAMES GODOY [K-53717] is a time serving inmate currently housed at Pelican Bay State Prison, Crescent City, CA, Del Norte County.

5.  Plaintiff RICK CRUZ [C-74686] is a time serving inmate currently housed at Pelican Bay State Prison, Crescent City, CA, Del Norte County.

6.  Plaintiff MIGUEL MARQUEZ [T-15245] is a time serving inmate currently housed at Pelican Bay State Prison, Crescent City, CA, Del Norte County.

7.  Plaintiff WILLIAM McINTOSH [J-55225] is a time serving inmate currently housed at Pelican Bay State Prison, Crescent City, CA, Del Norte County.

8.  Plaintiff VINCENTE LOPEZ [V-06465] is a time serving inmate currently housed at Pelican Bay State Prison, Crescent City, CA, Del Norte County.

9.  Plaintiff CARLOS GALINDO [H-89998] is a time serving inmate currently housed at Pelican Bay State Prison, Crescent City, CA, Del Norte County.

10. Plaintiff SCOTT STEPHENSON [E-59918] is a time serving inmate currently housed at Pelican Bay State Prison, Crescent City, CA, Del Norte County.

11. Plaintiff ALEX GUTIERREZ [K-36255] is a time serving inmate currently housed at Pelican Bay State Prison, Crescent City, CA, Del Norte County.

12. Defendant R. HOREL was the Warden of Pelican Bay Prison during the course of the initial 602 process in this matter (2008) [copies attached hereto as Exhibit A-2], and denied Plaintiff James Godoy's second appeal of the issues presented in this case on August 7, 2008. Plaintiff does not know where this defendant resides. Defendant Horel acted under color of legal authority in connection with the conduct alleged herein, and acted within his status of a Warden of Pelican Bay State Prison. Defendant Horel is sued herein in his individual and personal capacity for damages and other relief, and is sued in his official capacity for injunctive relief pursuant to the rule of *Ex Parte Young*, 209 U.S. 123, 158 (1908).

13. Defendant FRANCISCO JACQUEZ is the current warden of Pelican Bay Prison, and was the warden during the course of the second 602 process in this matter (2009) [copies attached hereto as Exhibit B-2], and denied Plaintiff James Godoy's second appeal of the issues presented in this case on June 15, 2009. Plaintiff does not know where this defendant resides. Defendant Jacquez acted under color of legal authority in connection with the conduct alleged herein, and acted within his status of a Warden of Pelican Bay State Prison. Defendant Jacquez is sued herein in his individual and personal capacity for damages and other relief, and is sued in his official capacity for injunctive relief pursuant to the rule of *Ex Parte Young*, 209 U.S. 123, 158 (1908).

14. Defendant N. GRANNIS was the Chief of Inmate Appeals Branch of Pelican Bay Prison during the course of the initial 602 process in this matter (2008) [copies attached hereto as Exhibit A-3], and denied Plaintiff James Godoy's initial appeal [Director and final level review] of the issues presented in this case on November 26, 2008. N. Grannis also signed the rejection of James Godoy's second 602 on September 14, 2009 [see Exhibit B hereto]. Plaintiff does not know where this defendant resides. Defendant Grannis acted under color of legal authority in connection with the conduct alleged herein, and acted within his status of a Warden of Pelican Bay State Prison. Defendant Grannis is sued herein for damages and other relief in his individual and personal capacity.

15. Defendant MATTHEW CATE was the Secretary of the California Department of Corrections and Rehabilitation during the course of the first and second 602 process in this matter (2008 and 2009) [copies attached hereto as Exhibit A and B], and denied Plaintiff James Godoy's final level review of Godoy's first and second 602 by and through Chief of Inmate Appeals Branch, Defendant N. Grannis herein. Defendant Cate is also the present Secretary of the CDCR. Plaintiff does not know where this defendant resides. Defendant Cate acted under color of legal authority in connection with the conduct alleged herein, and acted within his status of a Secretary of the California Department of Corrections and Rehabilitation. Defendant Cate is sued herein in his individual and personal capacity for damages and other relief, and is sued in his official capacity for injunctive relief pursuant to the rule of *Ex Parte Young*, 209 U.S. 123, 158 (1908).

### III.
### EXHAUSTION OF ADMINISTRATIVE REMEDIES;
### PRESENTMENT OF NOTICE OF CLAIM

16. Plaintiff James Godoy filed an initial 602 inmate grievance on the issues presented in this case during June 2008, which was appealed to the top and final level [Director level review], and which was denied. The papers submitted in connection with the initial 602 review, including the series of three denials of that request, are attached hereto as Exhibits A, A-1, A-2, A-3 and A-4.

17. Plaintiff James Godoy filed a second 602 inmate grievance during March 2009. The second grievance corrected an omission in the first 602 in that the first one did not specify that the conduct at issue constituted a violation of the takings clause of the 5th Amendment to the United States Constitution. The Second 602 does contain this statement. The papers submitted in connection with the second 602 review, including the series of three denials of that request, are attached hereto as Exhibits B, B-1, B-2, B-3 and B-4.

18. Plaintiff James Godoy filed a notice of claim pursuant to Government Code Section 910 on March 27, 2009. A copy of that Notice of Claim is attached as Exhibit C to this complaint. The State of California did not formally deny the claim, which was denied by operation of law 45 days later, on April 12, 2009.

COMPLAINT
Violation of Federal Civil Rights

19. The 602s filed by James Godoy [Exhibits A and B], and the Notice of Claim [Exhibit C] put the issues involved in this case through all available administrative remedies, all of which stand denied, thus making this case ripe for filing in the United States District Court.

20. The other plaintiff's herein base their exhaustion of administrative remedies on the 602s and notice of claim filed by James Godoy.

## III.
## CLASS ALLEGATIONS

21. Plaintiffs request that this case be certified pursuant to F.R.C.P. Rule 23 class action, and seek to be designated as class representatives of a class of similarly situated inmates that have suffered similar harm by the practices complained of herein.

22. Plaintiffs will be adequate class representatives as they are each personally impacted by the practices complained of herein, and are motivated to correct these issues.

23. The case should proceed as a class action under FRCP Rule 23 because the claims share common facts of whether the conduct violates the 5th Amendment, and whether the conduct constitutes a violation of State of California's Unfair Competition Act, B & P Code Section 17200, and/or inverse condemnation under Art. I, Section 19 of the California Constitution.

24. The case should proceed as a class action because it would be uneconomic and prohibitive to bring a series of many small cases on these issues.

25. The members of the class are quite large, and include all current and past inmates on a statewide basis that have made purchases of the various impacted items from the prison Canteen. Plaintiffs seek class certification on a State wide basis, which could involve as many as 170,000 inmates. Plaintiffs will also seek orders requiring the defendants to post appropriate notices of the pendency of this class action.

## IV.
### FIRST CLAIM FOR RELIEF FOR VIOLATION OF THE FEDERAL CIVIL RIGHTS ACT [42 U.S.C. SECTION 1983]

### [AGAINST ROBERT A. HOREL, FRANCISCO JACQUEZ , N. GRANNIS, MATTHEW CATE]

26. This is a first claim for relief by James Godoy and all other plaintiffs, in their individual and representative capacities on behalf of others similarly situated against defendants Robert A. Horel, Francisco Jacquez, N. Grannis, and Matthew Cate for violation of the Federal Civil Rights Act, 42 USC Section 1983.

27. The allegations of paragraphs 1-25  are incorporated herein.

28. Plaintiffs are each time serving inmates at the Pelican Bay State Prison.

29. Plaintiffs are by this case requesting damages, injunctive relief, declaratory relief, and attorneys fees for defendants' conduct in violating the takings clause of the 5th Amendment to the United States Constitution, which provides "...nor shall private property be taken for public use, without just compensation."

30. During the period of June 1, 2008 to May 31, 2009, and thereafter, defendants administered a program through the California Department of Corrections and Rehabilitation [CDCR], to make up for lost funds into Inmate Welfare Fund by issuing a series of extreme price increases to various canteen products sold to inmates in a prison store.

31. An example of one such price increase is to coffee. The details of the coffee issue is set forth in the inmate agreement document [Form 602], a copy of which is attached hereto as Exhibit A-1, as well as various responses at the official, warden and director levels [Exhibits A-1, A-2, A-3 and A-4].

32. As can be seen in the director level response, the price increase does not reflect a price increase issued by the  manufacturer/distributer/supplier, but rather represents the CDCR's oppressive, bad faith, fraudulent decision to replenish a loss to the Inmate Welfare Fund [IWF]. Plaintiff believes this loss was brought on in part by a consent decree and court decision in a case entitled *Schneider v. CDC*, 91 F. Supp. 2d 1316 (9th Cir. 2003) [renamed as *Ashker v. CDC*, U.S. District Court, Northern District of California, Action No. 96-1739], in which the CDCR agreed that the former practice of diverting interest from inmate trust

accounts into the Inmate Welfare Fund would be terminated, and that instead inmates would receive interest from those accounts to replenish the loss of funding to the IWF.

33. The department has now instituted a program of severe and extreme increases in the pricing of food products, and has used the increase in prices to fund public welfare interests from the Inmate Welfare Fund.

34. Such conduct constitutes a violation of the takings clause of the 5th Amendment to the United States Constitution, and a violation of the Federal Civil Rights Act, in that it constitutes a taking of private funds [inmate private monies] for public use [to fund the Inmate Welfare Fund], without providing compensation therefore.

35. The Inmate Welfare Fund is in the nature of a public entity, and is a method of the CDCR to raise money for various inmate related projects. These projects include inmate exercise equipment, inmate library expenditures, and visiting areas. Inmates question the legitimacy of whether funds are really used for purposes of the benefit of inmates. For purposes of this case, the point is that the IWF is a public function monies cannot be taken from inmates to fund such a public use without just compensation therefore.

36. Defendants have not made any just compensation to the inmates for the public use of their private funds.

37. As a proximate result of defendants' violation of plaintiffs' rights under the takings clause of the 5th Amendment, and violation of the Federal Civil Rights Act, plaintiffs have each and all suffered compensatory damages in terms of paying higher prices for various canteen items, in an amount according to proof depending on the specific products purchased by each inmate.

38. Plaintiffs further seek injunctive relief in the form of a preliminary and permanent injunction barring defendants from any further implementation of the IWF funding practices described in this complaint and in the attached 602s [Exhibits A and B], or such other injunctive or other equitable relief as the Court deems just and appropriate.

39. Plaintiffs will be irreparably harmed unless injunctive relief is granted, and are without adequate legal remedies.

40. Irreparable harm is presumed where as here the conduct of the defendants violates constitutional rights.

41. The practices alleged herein are expected to continue, as is shown by the denial of the 602s [Exhibits A and B].

*Godoy et al. v. Horel, et al.*

COMPLAINT
Violation of Federal Civil Rights

11

42. Plaintiffs further seek declaratory relief in the form of a Judgment declaring that the conduct of defendants constitutes a violation of the 5th Amendment Takings Clause as alleged above, and constitutes a violation of the Federal Civil Rights Act, and such other declaratory relief as the Court deems just and appropriate. There is an actual and current controversy over the matters for which declaratory relief is requested, as is shown on the attached 602 responses [Exhibits A and B].

43. Plaintiffs have retained an attorney to prosecute this action, and seek attorneys fees pursuant to the Federal Civil Rights Act, 42 USC Section 1983 et seq, in an amount according to proof.

44. Plaintiffs request such other relief as is available under the Federal Civil Rights Act to fully compensate them for all harm caused by the practices alleged herein, and to bring about appropriate orders and equitable relief to stop these practices from continuing.

45. The conduct of Defendants, and each of them, was willful, malicious, and oppressive, and constitutes the basis of an award of exemplary damages in an amount according to proof at the time of trial.

WHEREFORE plaintiffs pray for relief as set forth below.

## IV.
## SECOND CLAIM FOR RELIEF FOR VIOLATION
## OF THE CALIFORNIA UNFAIR COMPETITION ACT, BUSINESS AND
## PROFESSIONS CODE SECTION 17200]

### [AGAINST ROBERT A. HOREL, FRANCISCO JACQUEZ , N. GRANNIS, MATTHEW CATE]

46. This is a first claim for relief by James Godoy and all other plaintiffs, in their individual and representative capacities on behalf of others similarly situated, against defendants Robert A. Horel, Francisco Jacquez, N. Grannis, and Matthew Cate for violation of the California Unfair Competition Act, Business and Professions Code Section 17200 et seq.

47. The allegations of paragraphs 1-45 are incorporated herein.

48. Plaintiffs, and each of them, have standing to sue under the California Unfair Competition Act, Business and Professions Code Section 17200 et seq., in that they have each been aggrieved by the conduct described in this action. They have made purchases from the prison canteen, and have paid substantially higher amounts for various products impacted by this program.

49. Defendants conduct described in the First Claim for Relief, and as further described in the attached 602s [Exhibit A and B] and Notice of Claim [Exhibit C] constitutes a violation of B&P Code section 17200, the Unfair Competition Act, in that such conduct constitutes a fraudulent, oppressive, unfair and illegal business practice.

50. This practice is illegal in that constitutes an illegal taking of property, which is in violation of Article 1, Section 19 of the California Constitution, and further violation of the public Takings Clause of the 5th Amendment of the U.S. Constitution.

51. Such conduct also constitutes a conversion of money, a flat out taking of money from inmates, and use of money for public purpose with the intent to permanently deprive inmates of those funds.

52. Such conduct constitutes impermissible price gouging.

53. As a proximate result of defendants' violation of B&P Code section 17200, the Unfair Competition Act, plaintiffs have each and all suffered compensatory damages in terms of paying higher prices for various canteen items, in an amount according to proof depending on the specific products purchased by each inmate.

54. Plaintiffs seek relief from these damages in the form of an equitable remedy of requiring defendants to pay restitution to plaintiffs to cover this compensation, or such other restitution or other equitable relief as the Court deems just and appropriate.

55. Plaintiffs further seek injunctive relief in the form of a preliminary and permanent injunction pursuant to B&P Code Section 17203, barring defendants from any further implementation of the IWF funding practices described in this complaint and in the attached 602s [Exhibits A and B], or such other injunctive or other equitable relief as the Court deems just and appropriate.

56. Plaintiffs will be irreparably harmed unless injunctive relief is granted, and are without adequate legal remedies.

57. Irreparable harm is presumed where as here the conduct of the defendants violates constitutional rights.

58. The practices alleged herein are expected to continue, as is shown by the denial of the 602s [Exhibit A and B].

59. Plaintiffs further seek declaratory relief in the form of a Judgment declaring that the conduct of defendants constitutes a violation of B&P Code section 17200, the Unfair Competition Act, Act, and such other declaratory relief as the Court deems just and appropriate. There is an actual and current controversy over the matters for which declaratory relief is requested, as is shown on the attached 602 responses [Exhibits A and B].

60. Plaintiffs have retained an attorney to prosecute this action, and seek attorneys fees pursuant to the common fund doctrine, in an amount according to proof.

61. Plaintiffs request such other relief as is available under the B&P Code section 17200, the Unfair Competition Act, including injunctive relief, and restitution, to fully compensate them for all harm caused by the practices alleged herein, and to bring about appropriate orders and equitable relief to stop these practices from continuing.

WHEREFORE plaintiffs pray for relief as set forth below.

## IV.
### THIRD CLAIM FOR RELIEF FOR CONVERSION OF MONEY

### [AGAINST ROBERT A. HOREL, FRANCISCO JACQUEZ , N. GRANNIS, MATTHEW CATE]

62. This is a third claim for relief by James Godoy and all other plaintiffs, in their individual and representative capacities on behalf of others similarly situated against defendants Robert A. Horel, Francisco Jacquez, N. Grannis, and Matthew Cate for the state law tort of intentional conversion of money.

63. The allegations of paragraphs 1-61 are incorporated herein.

64. Defendants conduct described in the First Claim for Relief, and as further described in the attached 602s [Exhibits A and B] and Notice of Claim [Exhibit C] constitutes an intentional conversion of Plaintiffs' money, in that such conduct constitutes an intentional conversion of plaintiffs' money, a flat out taking of money from inmates, and use of money for public purpose with the intent to permanently deprive inmates of those funds.

65. Plaintiffs do not know the exact amount of the amounts taken, and will seek such amounts taken that conform to proof at the time of trial.

66. As a proximate result of defendants' conversion of plaintiffs' money, plaintiffs have each and all suffered compensatory damages in terms of paying higher prices for various canteen items, in an amount according to proof depending on the specific products purchased by each inmate.

67. Plaintiffs further seek injunctive relief in the form of a preliminary and permanent injunction barring defendants from any further implementation of the IWF funding practices described in this complaint and in the attached 602s [Exhibits A and B], or such other injunctive or other equitable relief as the Court deems just and appropriate.

68. Plaintiffs will be irreparably harmed unless injunctive relief is granted, and are without adequate legal remedies.

69. Irreparable harm is presumed where as here the conduct of the defendants violates constitutional rights.

70. The practices alleged herein are expected to continue, as is shown by the denial of the 602s [Exhibits A and B].

71. The conduct of Defendants, and each of them, was willful, malicious, and oppressive, and constitutes the basis of an award of exemplary damages in an amount according to proof at the time of trial.

WHEREFORE plaintiffs pray for relief as set forth below.

## IV.
## FOURTH CLAIM FOR RELIEF FOR STATE LAW CLAIM OF INVERSE CONDEMNATION OF MONEY

## [AGAINST ROBERT A. HOREL, FRANCISCO JACQUEZ , N. GRANNIS, MATTHEW CATE]

72. This is a fourth claim for relief by James Godoy and all other plaintiffs, in their individual and representative capacities on behalf of others similarly situated against defendants Robert A. Horel, Francisco Jacquez, N. Grannis, and Matthew Cate for the state law claim of inverse condemnation, a violation of California Constitution, Art. I, Section 19.

73. The allegations of paragraphs 1-71 are incorporated herein.

74. Defendants conduct described in the First Claim for Relief, and as further described in the attached 602s [Exhibit A and B] and Notice of Claim [Exhibit C] constitutes a violation violation of California's inverse condemnation law, set out in Art. I, Section 19 of the California Constitution, in that such conduct constitutes an taking of plaintiffs' money for public purpose, without providing just compensation therefore.

75. Plaintiffs do not know the exact amount of the amounts taken, and will seek such amounts taken that conform to proof at the time of trial.

76. As a proximate result of defendants' inverse condemnation of plaintiffs' money, plaintiffs have each and all suffered compensatory damages in terms of paying higher prices for various canteen items, in an amount according to proof depending on the specific products purchased by each inmate.

77. Plaintiffs further seek injunctive relief in the form of a preliminary and permanent injunction barring defendants from any further implementation of the IWF funding practices described in this complaint and in the attached 602s [Exhibits A and B], or such other injunctive or other equitable relief as the Court deems just and appropriate.

78. Plaintiffs will be irreparably harmed unless injunctive relief is granted, and are without adequate legal remedies.

COMPLAINT
Violation of Federal Civil Rights

79. Irreparable harm is presumed where as here the conduct of the defendants violates constitutional rights.

80. The practices alleged herein are expected to continue, as is shown by the denial of the 602s [Exhibits A and B].

WHEREFORE Plaintiffs pray for relief as set forth below:

1.  For Judgment in Plaintiffs favor and class members against each defendant as to each claim for relief set forth above.

2.  For compensatory damages in an amount according to proof at the time of trial, as requested above.

3.  For injunctive relief, as requested above.

4.  For Declaratory relief, as requested above.

5.  For exemplary damages against each and all defendants in an amount according to proof.

6.  For all relief available under the California Unfair Business Competition Act, Business and Professions Code Section 17200, including injunctive, restitution, and other equitable relief as requested above.

7.  For attorneys fees according to proof.

8.  For such other relief as the Court deems just and appropriate.

9.  For costs of suit.

Respectfully submitted,

Dated: October 6, 2009

Herman Franck, Esq.
Attorney for Plaintiff,
James Godoy, Rick Cruz,
Miguel Marquez, William McIntosh,
Vincente Lopez, Carlos Galindo,
Scott Stephenson, Alex Gutierrez

1

## DEMAND FOR JURY TRIAL

2

3   Plaintiffs James Godoy, Rick Cruz, Miguel Marquez, William McIntosh, Vincente Lopez, Carlos

4   Galindo, Scott Stephenson, Alex Gutierrez, herewith demand a trial by jury of all claims asserted

5   herein that are triable to a jury.

6

7

8   Respectfully submitted,

9

10   _____        Dated: October __6__, 2009

11   Herman Franck, Esq.
     Attorney for Plaintiff,

12   James Godoy, Rick Cruz,
     Miguel Marquez, William McIntosh,

13   Vincente Lopez, Carlos Galindo,
     Scott Stephenson, Alex Gutierrez

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT
Violation of Federal Civil Rights

# LIST OF EXHIBITS

| | |
|---|---|
| Exhibit A: | Chronology of Initial 602 |
| Exhibit A-1: | Initial 602 |
| Exhibit A-2: | Initial level denial of initial 602 |
| Exhibit A-3: | Warden level denial of initial 602 |
| Exhibit A-4: | Director level denial of initial 602 |
| Exhibit B: | Chronology of Second 602 |
| Exhibit B-1: | Second 602 |
| Exhibit B-2: | Initial level denial of second 602 |
| Exhibit B-3: | Warden level denial of second 602 |
| Exhibit B-4: | Director level denial of second 602 |
| Exhibit C: | Notice of Claim |

# EXHIBIT

# A

# Chronology: Initial 602

# MEMO:
## CHRONOLOGY OF INITIAL 602

| DATE | EVENT |
|---|---|
| 6/1/2008 | Date of coffee contract |
| 5/31/2009 | Date of end of coffee contract |
| June 2008 | Start date of coffee prices |
| + 17% | Percentage change in new coffee prices |
| $6.40 | Before coffee prices |
| $7.50 | After coffee prices |
| 6/5/2008 | Date of initial 602 |
| 6/16/2008 | Date of initial 602 response |

Summary of information given to Godoy in initial response; summary of any documents given:

Coffee is of purchasing contract for the IWF and statewide canteen departments. Contracts between IWF and canteen departments are awarded by bidding process, and all canteen managers are to purchase coffee items in accordance with the master canteen contract. Based on contract's cost changes and needs of IWF, coffee prices have gone up.

Appeal denial accompanied by Memorandum of coffee contract renewal; list of canteen contracts.

Signed: Tammy Foss, Procurement and Services Officer II; M.A. Cook, Associate Warden of Business Services

1

| | |
|---|---|
| **7/21/2008** | Date of second level of 602 request |
| **8/7/2008** | Date of second level 602 response |

Summary of information given to Godoy in second level review; summary of any documents given:

Godoy was given copy of CDCR contract. Inmate contends price gouging and price fixing is implemented by CDCR. Portions of the item's mark-up price is used in the IWF.

"The inmate was informed of the markup on the item in question the fact that the portion is utilized by the Inmate Welfare Fund (IWF)."

"The item in question (coffee) is priced per contract with the CDCR, and all institutions must comply with the contract. PBSP is following the contract."

No other documents attached.

Signed: Robert A. Horel, Warden

| | |
|---|---|
| **Unknown** | Date of director level 602 |
| **11/26/2008** | Date of director level response |

Summary of information given to Godoy in director level review; summary of any documents given:

Maintaining the findings and decisions at the first and second levels.

" The raise in coffee prices is based upon the contract's cost changes and the Inmate Welfare Fund (IWF) financial needs and is in compliance with the purchasing contract and standardized selling prices."

"California Penal Code Sections (PC) 2051, 5005, 5006, 5006.1 and 5007, contain the regulatory provisions relative to canteen operations, contract/bid practices and the IWF." See also CA Code of Regulations, Title 15, Section: 3090, 3091.

Prison must provide prisoner with enough sustenance for good health. Canteen purchases are optional and are not necessary to sustain an inmate.

Signed: N. Grannis, Chief of Inmate Appeals Branch

2

*Godoy v. CDCR*

# EXHIBIT

# A-1


# Initial 602

COMPLAINT
Violation of Federal Civil Rights

PELICAN BAY STATE PRISON
STATE OF CALIFORNIA SECURITY HOUSING UNIT
UNIT C-17

*Canteen Prices*

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region 1. **PBSP**  2.

Log No. 1. C08-01668  2.

Category 16/24

You may appeal any policy, action or decision which has a significant adverse effect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME J. Godoy | NUMBER K-53717 | ASSIGNMENT | UNIT/ROOM NUMBER C7-105 |
|---|---|---|---|

**A. Describe Problem:** On 5/30/08 I was issued a copy of the P.B.S.P.-S.H.U. canteen list for the month of June 2008. Upon inspecting the list I noted that the listed price for an 8oz Jar of Folgers Coffee had been increased to $7.50. The previous price was $6.40, so the price went up $1.10, over 17% within one month. I had someone check with Union supply, Access, & Walkenhorst's vendors to see if they had also raised their prices on the 8oz Folgers Coffee, & I was told that they had not. So I believe that Pelican Bay Prison officials are engaging in unlawful and/or unethical price-gouging with regard to the price

If you need more space, attach one additional sheet.

(CONTINUED ON ATTACHED)

**B. Action Requested:** That the price of Folgers coffee on the P.B.S.P. canteen list be reduced to reflect a fair market value or that other brands of 8oz coffee be made available to P.B.S.P. inmates at a more reasonable price. That all canteen items be reasonably priced at fair market value.

Inmate/Parolee Signature: _____ Date Submitted: 6/5/08

**C. INFORMAL LEVEL** (Date Received: 6-11-08 )

**Staff Response:** The coffee is a contracted item and P.B.S.P. officials do not set the prices. Attached is copy of contract prices, supply and demand is really true in this day and age.

RECEIVED
AUG 13 2008
INMATE APPEALS BRANCH

**Staff Signature:** _____ R. Cummings  Date Returned to Inmate: 6-12-08

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

The issues in the action requested have not been fully addressed. As I contend in this appeal, there are other sources who sell the same coffee for a lot less. I believe that both of the contracting parties (CDCR & Jenny Service Co) are exploiting their position for financial gain at inmate's expense, this warrants investigation.

Signature: _____ Date Submitted: 6-20-08

Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

JUL 21 2008

JUN 09 2008

JUN 16 2008   2ND Appeal

1st 8/5

First Level   ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other
E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 6/16/08   Due Date: 7/29/08
Interviewed by: J. RUPERT, PRISON Canteen Mgr II on 6/24/08.

"SEE ATTACHED"

Staff Signature: Jimmy Joss   Title: PISO II   Date Completed:
Division Head Approval: Taylor W Coyson   Title: CBM A   Returned:
Signature:   Date to Inmate: 7/16/08

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

During my 1st level of review interview, I learned that CDCR purchases 8oz Folger's Coffee Jars for approx. $4.50 per jar (wholesale) then marks them up to $7.50 per Jar, that's a $3.00 mark-up, almost 66%! I was also informed that all canteen items are marked-up at least 50% above wholesale price! I believe that CDCR is in a position of undue influence with regard to canteen product pricing & is engaging in price gouging. The 602 should be granted.

Signature:   Date Submitted: 7-20-08

Second Level   ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other
G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 7/21/08   Due Date: 8/8/08
☒ See Attached Letter

Signature: my Wm M. C.W. Wise. Lt.   Date Completed: 8-8-08   AUG 07 2008
Warden/Superintendent Signature:   Date Returned to Inmate:

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third-level within 15 days of receipt of response.

The issues on this appeal have not been fully addressed. Thus far, all responses have been evasive as to the issues on this appeal. I request that all issues on this appeal be fully & carefully addressed, and that the action requested be granted.

Signature:   Date Submitted: 8/10/08

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

0803264

K53717

DIRECTOR'S ACTION: ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other
☒ See Attached Letter
CDC 602 (12/87)   Date: NOV 2 6 2008

( 60% continued )

of 8oz Jar of Folgers Coffee, and possibly other canteen items as well.

continued
(B) I further request that CDCR & P.B.S.P. disclose their canteen pricing methods, along with regulatory authority for implementing such methods. What percentage goes to Inmate Welfare Fund, profit, etc.? What statutes or regulations allow CDCR to implement these mark-ups on canteen products?

# EXHIBIT

# A-2

# Initial Level Denial

S U P P L E M E N T  P A G E

RE:    PELICAN BAY STATE PRISON
       Appeal Log PBSP  C-08-01668
       First Level Reviewer's Response

       Inmate:    GODOY        K-53717

APPEAL DECISION:

       DENIED

APPEAL ISSUE:    (Modified)

       REQUESTS COFFEE PRICES BE REDUCED OR ADDITIONAL BRANDS BE
       MADE AVAILABLE FOR INMATES TO PURCHASE.

APPEAL RESPONSE:

A review of your appeal has been completed. Your complaint, including your requested remedial action, has received careful consideration. You were interviewed by Prison Canteen Manager II (PCM-II), J. Rupert on June 24, 2008. During the course of this interview you related essentially the same information as that which was contained in your appeal. You are requesting the price of Folgers coffee be reduced or that other brands of 8-Ounce jars of coffee be made available for you to purchase from the inmate Canteen. In addition, you stated you believe both California Department of Corrections and Rehabilitation (CDCR) and Jenny Service Company are exploiting their position for financial gain at the inmate's expense.

As referenced at the Informal level response of this appeal, coffee is one of ten purchasing contracts utilized by the Inmate Welfare Fund and Canteen departments statewide. These contracts are awarded through a bid process and are generally in effect for one (1) year. The current coffee contract went into effect June 1, 2008 and is valid through May 31, 2009. The items available on this current contract are: Bradford Freeze Dried coffee, 3 ounce; Bradford Instant coffee, 4 ounce; Folgers regular coffee crystals, 8 ounce; Folgers Decaffeinated coffee crystals, 8 ounce. All canteen managers are required to purchase coffee items in accordance with the master canteen contract. Based on the contract's cost changes and Inmate Welfare Fund's financial needs, the standardized selling prices for the coffee contract items are: Folgers Regular, $7.50, Folgers Decaf $7.90, Bradford 3 ounce $2.90 and Bradford 4 ounce $3.40. Pelican Bay State Prison is in compliance with both the purchasing contract and the standardized selling prices.

Based on the above information, your appeal is denied at the First Level of Review.

_____          _____
T. FOSS                             Date
Procurement and Services Officer II

_____          _____
M. A. COOK                          Date
Associate Warden
Business Services

State of California

Department of Corrections and Rehabilitation

# Memorandum

**Date**    April 7, 2008

**To    :**    Wardens
Associate Wardens,
    Business Services

**Subject:    CANTEEN COFFEE CONTRACT RENEWAL AND STANDARDIZED PRICES**

This memorandum is to inform you that the Department has signed a renewal canteen master coffee contract, No. C07.251, with Jenny Service Co. The renewed coffee contract is effective June 1, 2008 through May 31, 2009. All canteen managers are required to purchase the listed coffee items in accordance with the master canteen contract renewal distributed by Steve Stone, Procurement Liaison Unit (PLU), on March 27, 2008 to all Procurement and Services Officers. The Inmate Services Accounting Unit can only pay resale invoices for coffee items purchased in accordance with the master canteen contract renewal and those invoices approved by PLU. All other resale merchandise invoices for coffee items cannot be paid. Based on the contract's cost changes and Inmate Welfare Fund's financial needs, the standardized selling prices for the coffee contract items are listed below.

| | |
|---|---|
| Folgers Regular, 8 ounce | $7.50 |
| Bradford, 3 ounce | $2.90 |
| Bradford, 4 ounce | $3.40 |
| Folgers Decaf, 8 ounce | $7.90 |

Please distribute this memorandum to all appropriate staff at your institution. If you or your staff have any questions on the standardized prices, please call Judy Parker, Manager, Inmate Accounting Branch, at (916) 255-1064 or Renee Colovos, Contract Liaison, (916) 255-0953, renee.colovos@cdcr.ca.gov.

TIMOTHY GILPIN
Associate Director
Accounting Services

cc: Marisela Montes, Deputy Director, Division of Adult Institutions
Associate Directors
Heidi Lackner, Director, Division of Support Services
Scott Carney, Deputy Director, Office of Fiscal Services
Procurement Officers
Canteen Managers
Sabrina Donelli, Procurement Liaison Unit
Steve Stone, Procurement Liaison Unit
Renee Colovos, Inmate Accounting Systems
Judy Parker, Inmate Accounting Section

# CANTEEN CONTRACTS

**Effective June, 2008**

| CONTRACT | NUMBER | EXPIRES | COMPANY |
|---|---|---|---|
| Ramen Noodle Soup | C07.131 | March 31, 2009 | Keefe |
| Condiments | C07.160 | April 30, 2009 | Food Express USA |
| Coffee | C07.251 | May 31, 2009 | Jenny |
| Cookies & Crackers | C07.004 | July 31, 2008 | Jenny |
| Personal Care | C07.033 | September 30, 2008 | Jenny |
| Chips | C07.040 | January 31, 2009 | Snackers |
| Soda | C07.032 | October 31, 2008 | Pepsi Bottling Group |
| Canned Foods /Pouch | C07.128 | February 28, 2009 | Jenny |
| Candy | C07.041 | November 30, 2008 | Food Express USA |
| Dehydrated Foods | C07.012 | August 31, 2008 | Keefe |



**California Department of Corrections and R**
**Procurement Liaison Unit**

## CANTEEN MASTER CONTRACT
### REFERENCE CHART AND ORDERING PROCEDURES

## COFFEE

| CONTRACT NUMBER: | C07.251 | CONTRACT TERM: | 6/1/08 through 5/31/09 |
|---|---|---|---|
| CONTRACTOR: | Jenny Service Company<br>150 East Greg Street #101<br>Sparks, Nevada 89431<br>(775) 358-8585<br>Frank Rowan, President | VENDOR NUMBER: | 88-0321428 |

**ITEMS AND COST:**

1. **Bradford Freeze Dried Coffee, 3 Ounce Clear Packaging**
   32 Per Case, $52.80, UPC 31819-00905

2. **Bradford Instant Coffee, 4 Ounce Clear Packaging**
   24 Per Case, $46.32, UPC 31819-00906

3. **Folgers Regular Coffee Crystals, 8 Ounce Plastic Jars**
   12 Per Case, $54.24, UPC 25500-00034

4. **Folgers Decaffeinated Coffee Crystals, 8 Ounce Plastic Jars**
   12 Per Case, $59.04 , UPC 25500-00088

| FOB: | Destination | MINIMUM ORDER: | 5 Cases |
|---|---|---|---|
| DELIVERY: | 5 Working Days After Receipt of Order | | |

# DEPARTMENT OF CORRECTIONS AND REHABILITATION
## PELICAN BAY STATE PRISON
### SHU
### JUNE 2008

DC# _____ PRINT LAST NAME ONLY _____ HOUSING UNIT_____

MARK ON THE LINE NEXT TO THE ITEM YOU WANT. ONLY MARKED ITEMS WILL BE DELIVERED. CANTEEN STAFF WILL NOT SHOP FOR YOU.

CUSTODY STAFF IS REQUIRED TO REMOVE CANTEEN PRODUCTS FROM THE MANUFACTURER'S PACKAGING AND PLACE IT INTO AN APPROVED CONTAINER. INMATES WILL BE CHARGED FOR THESE CONTAINERS AT THE APPROVED IWF PRICES AS LISTED BELOW.

____ NUMBER OF CUPS @ .30 ea.
____ NUMBER OF BAGS @ .03 ea.

## MISCELLANEOUS ITEMS
| | |
|---|---|
| ___SHOWER SHOES XL *LIMIT 1* | 0.95 |
| ___MOUTH GUARD *LIMIT 1* | 0.75 |
| ___TOILET TISSUE *LIMIT 2* | 0.85 |
| ___PHOTO DUCAT *LIMIT 1* | 2.00 |

*PHOTO DUCATS MAY BE PURCHASED BY QUALIFIED INMATES ONLY NO REFUNDS*

## ELECTRONICS
*PURCHASE AT YOUR OWN RISK*
*NO WARRANTY*
*HEADPHONES & EXT. CABLE LIMIT 1*
| | |
|---|---|
| ___STEREO HEADPHONES W/18' Cord | 3.40 |
| ___TV CABLE 6FT. | 2.15 |
| ___STEREO "Y" ADAPTER | 4.95 |
| ___MONO TO STEREO ADAPTER | 1.35 |
| ___SONY EARBUDS W/3' CORD | 10.75 |
| ___12 Ft. Audio Extension Cable | 3.15 |

## GREETING CARDS
### LIMIT 5 TOTAL
| | |
|---|---|
| ___THINKING OF YOU | 0.85 |
| ___MISSING YOU | 0.85 |
| ___BIRTHDAY - ADULT / FEMALE | 0.85 |
| ___BIRTHDAY - ADULT / MALE | 0.85 |
| ___BIRTHDAY - CHILD / GIRL | 0.85 |
| ___BIRTHDAY - CHILD / BOY | 0.85 |
| ___BLANK CARD | 0.85 |

## POSTAGE
### LIMIT OF 40 TOTAL
*STAMPED ENVELOPES AND POSTCARDS*
| | |
|---|---|
| ___STAMPED ENVELOPE | 0.42X |
| ___POST CARDS *Sold in Packs of 5* | 1.30X |

*New Postage Rates Apply May 12th*
*3¢ Additional Postage Required for both Stamped Envelopes and Postcards*
*Send Trust Withdrawal w/Mail Until New Postage Arrives*

## STATIONARY
| | |
|---|---|
| ___TABLET 8½ x 11 *LIMIT 3* | 0.70 |
| ___10 x 13 ENVELOPE 10 Pk *LIMIT 1* | 1.00 |
| ___#10 ENVELOPE 40 PK *LIMIT 1* | 1.00 |
| ___ADDRESS BOOK 2" x 3" | 1.35 |

## HEALTH CARE
### LIMIT 1 EACH
| | |
|---|---|
| ___IBUPROFEN =1 BAG | 2.85 |
| ___MULTI-VITAMINS =1 BAG | 2.10 |

## BODY CARE
### LIMIT 1 TOTAL
| | |
|---|---|
| ___COCOA LOTION 12oz =1 CUP | 1.25 |
| ___VITAMIN "E" LOTION 12oz =1 CUP | 1.25 |

## HAIR CARE
### LIMIT 1
| | |
|---|---|
| ___Strawberry Shampoo 15oz. =1CUP | 1.50 |
| ___CLARIFYING SHAMPOO =1CUP | 1.50 |
| ___DANDRUFF SHAMPOO 12oz =1CUP | 1.25 |

## SOAP
### LIMIT 2 TOTAL
| | |
|---|---|
| ___DIAL 4oz CLEAR  *TALLOWATE* | 0.90 |
| ___HERITAGE SOAP 3oz  *CLEAR* | 0.70 |

## DEODORANT
### LIMIT 2 TOTAL
| | |
|---|---|
| ___ACTIVE FRESH DEO 3oz =1CUP | 2.90 |
| ___ANTIPERSPIRANT 3oz =1CUP | 2.90 |

## DENTAL
### LIMIT 2 TOTAL
### AQUAFRESH LIMIT 1
| | |
|---|---|
| ___AQUAFRESH SENSITIVE 5.6 =1CUP | 3.50 |
| ___COLGATE CLEAR 4.2 oz =1CUP | 2.10 |
| ___EFFERGRIP *LIMIT1* =1CUP | 4.90 |
| ___FLOSSER LOOPS- 30Pkg *LIMIT 1* | 1.75 |

## COFFEE / BEVERAGES
| | |
|---|---|
| ___FOLGERS 8oz DECAF | 7.90+ |
| =2 CUPS OR 1 BAG | |
| ___FOLGERS 8oz =2 CUPS OR 1 BAG | 7.50+ |
| ___BRADFORD 4oz | 3.40+ |
| = 3 PER CUP OR 1 BAG | |
| ___HOT CHOCOLATE MIX 2 Pound Bag | 3.10 |
| = 3 CUPS OR 1 BAG | |
| ___TEA BAGS 100/BX =3 Box per Bag | 1.75 |

## PACKAGED FOODS
| | |
|---|---|
| ___REFRIED BEANS AND RICE | 0.80 |
| ___FLOUR TORTILLAS 10 per pkg. | 1.40 |
| ___OATMEAL VARIETY PK *Limit 2* | 2.55 |

## SOUPS
### LIMIT 24 TOTAL
### 6 PER BAG SAME FLAVOR
| | |
|---|---|
| ___BEEF | 0.55 |
| ___SHRIMP | 0.55 |
| ___HOT CALIFORNIA VEGETABLE | 0.55$ |

## CRACKERS
| | |
|---|---|
| ___SALTINES =1 BAG | 1.45 |
| ___CHEESE =1 BAG | 1.45 |

## NUTS & SNACKS
### 10 of Each Item Per One Bag
| | |
|---|---|
| ___CORN NUTS BBQ | 0.80 |
| ___PEANUTS 4oz | 0.95 |
| ___JELLY BEANS | 0.75 |

## COOKIES
### 2 Per Bag Same Flavor
| | |
|---|---|
| ___ASSORTED 14 oz | 1.20 |
| ___DUPLEX CRE'ME | 1.05 |
| ___ICED HONEY BUN 6oz. | 0.85 |
| ___DUNKIN' STIX 6/BX | 1.85$ |

## CHIPS
| | |
|---|---|
| ___CHILI CHEESE CORN CHIP =1 BAG | 1.20 |
| ___PORK SKINS *HOT* =2 BAGS | 1.50 |
| ___BUTTER POPCORN 1.5oz =2 BAGS | 0.40-X |
| ___BBQ POTATO CHIP 6oz =2 BAGS | 1.30 |

## CANDY
### 20 PER BAG
| | |
|---|---|
| ___LARGE HERSHEY W / ALMONDS | 1.30 |
| ___BIG HUNK | 0.65X |
| ___SNICKERS | 0.65 |
| ___MILKY WAY | 0.65 |
| ___M & M PLAIN | 0.65 |
| ___SKITTLES | 0.65 |
| ___PAYDAY | 0.65 |
| ___SUGAR FREE ASSORTED BAG | 1.75$ |
| ___PENNY CANDY *LIMIT 34* | 0.01 |
| USED AS CHANGE ONLY | |

IF YOUR BALANCE IS $2.00 OR UNDER WOULD YOU LIKE TO SPEND IT?

YES___ NO___

J. RUPERT
PRISON CANTEEN MANAGER II

M.A. COOK
AW – BUSINESS SERVICES

| | |
|---|---|
| +/- | PRICE INCREASE / DECREASE |
| $ | NEW ITEM |
| X | DELETION  (WHILE SUPPLIES LAST) |

YOU ARE LIMITED TO $45.00
YOU MUST FILL OUT YOUR CANTEEN LIST WITH YOUR NAME AND CDC#, AND YOU MUST SIGN YOUR DUCAT.
ALL CANTEEN BALANCES WILL BE RETURNED TO THE TRUST OFFICE AT THE END OF THE MONTH.
YOU MUST USE A CURRENT CANTEEN LIST FOR THE MONTH YOU ARE SHOPPING.
YOU MUST CHECK YOUR ORDER AS IT IS BEING ISSUED BY CUSTODY.
CANTEEN CANNOT GUARANTEE YOU WILL RECEIVE SPECIFIC FLAVORS, LIKE ITEMS WILL BE SUBSTITUTED.
PRICES, SIZES AND BRANDS ARE SUBJECT TO CHANGE WITHOUT NOTICE.
CANTEEN DUCATS (CDC 184) WILL NOT BE ACCEPTED THROUGH INSTITUTIONAL MAIL. LATE DUCATS WILL NOT BE PROCESSED.

# EXHIBIT

# A-2

# Warden Level Denial

| PELICAN BAY STATE PRISON |
| SECOND LEVEL REVIEW |

DATE:     AUG 0 7 2008

Inmate GODOY, K-53717
Pelican Bay State Prison
Facility C, Security Housing Unit
Unit 7, Cell 105


RE:   WARDEN'S LEVEL DECISION                    APPEAL: DENIED
      APPEAL LOG NO. PBSP-C-08-01668             ISSUE: FUNDS

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP). Prison Canteen Manager II (PCM-II) J. Rupert interviewed the inmate on June 24, 2008, at the First Level of Appeal Review.


## ISSUES

Inmate Godoy contends that the coffee prices in the canteen went up to $7.50, from $6.40, for an 8 oz. jar of Folgers coffee.  The inmate contends PBSP officials are engaging in unlawful price gouging.  After the First Level of review, the inmate contends that the California Department of Corrections and Rehabilitation (CDCR), is in a position of undue influence with regard to canteen product price gouging.  The inmate requests the price of coffee be reduced to a lower rate, more in line with the fair market value.  The inmate requests other brands of coffee be made available for purchase.


## FINDINGS

### I

The inmate was informed, by the First Level Reviewer, that CDCR has a contract for the item he questions the pricing of.  The inmate was informed and given a copy of the section of the contract that points this agreement out.  The inmate now contends that the price fixing and gouging is coming directly from CDCR.  The inmate was informed of the markup on the item in question and the fact that the portion is utilized by the Inmate Welfare Fund (IWF).


## DETERMINATION OF ISSUE

Based on the above review of the evidence, the inmate's request that the coffee item in question, as well as other canteen items, be priced lower is DENIED.  The item in question (coffee) is priced per contract with the CDCR, and all institutions must comply with the contract.  PBSP is following the contract.  The inmate's request for additional brands of coffee to be made available for purchase is

Supplement Page 2
GODOY, K-53717
Appeal # PBSP-C-08-01668


DENIED.  The CDCR contract does not allow the purchase of other brands of coffee.  This appeal is
DENIED at the Second Level of Review.

## MODIFICATION ORDER

No modification of this action or decision is required.


ROBERT A. HOREL
Warden


GHW  08-04-2008

# EXHIBIT

# A-3

# Director Level Denial

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:   **NOV 2 6 2008**

In re:   James Godoy, K53717
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000

IAB Case No.: 0803264          Local Log No.: PBSP-08-01668

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner M. Broddrick. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that the institution is charging an unfairly high price for coffee and possibly other items as well, at the prison canteen. The appellant's requested action is that the price of Folgers coffee at the canteen be reduced to reflect a fair market value, or that other more reasonably priced brands be made available. The appellant further requests that all canteen items be reasonably priced at fair market value. The appellant also wants the Department to disclose the canteen pricing methods and the regulatory authority upon which it is implemented.

**II   SECOND LEVEL'S DECISION:** The reviewer found that the appellant's issue was without merit and denied his grievance. The institution responded that contracts for coffee in the canteen are awarded through a bid process and are generally in effect for one year. The appellant was provided a copy of the departmental memorandum regarding the current contract for June 1, 2008, through May 31, 2009. All canteen managers are required to purchase coffee items in accordance with that master canteen contract. The raise in coffee prices is based upon the contract's cost changes and the Inmate Welfare Fund (IWF) financial needs and is in compliance with the purchasing contract and standardized selling prices.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.   FINDINGS:** The documentation, arguments and departmental policy are convincing that the appellant's complaint was properly denied. Besides the procedural information provided at the previous levels, the California Penal Code Sections (PC) 2051, 5005, 5006, 5006.1, and 5007, contain the regulatory provisions relative to canteen operations, contract/bid practices and the IWF. In addition, the Director's Level of Review (DLR) notes that the PC 2084 reflects that the department must provide each prisoner with sufficient plain and wholesome food of such variety as may be most conducive to good health. Participation in canteen purchases is optional but is not necessary to sustain an inmate. As the evidence presented is persuasive that the applicable regulations were appropriately administered in this case, relief at the DLR is not warranted.

**B.   BASIS FOR THE DECISION:**
PC: 2051, 2084, 5005, 5006, 5006.1, 5007
California Code of Regulations, Title 15, Section: 3090, 3091

**C.   ORDER:** No changes or modifications are required by the Institution.

JAMES GODOY, K53717
CASE NO. 0803264
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, PBSP
        Appeals Coordinator, PBSP

# EXHIBIT

# B

# Chronology: Second 602

# MEMO:
## CHRONOLOGY OF SECOND 602

| DATE | EVENT |
| --- | --- |
| 6/1/2008 | Date of coffee contract |
| 5/31/2009 | Date of end of coffee contract |
| June 2008 | Start date of coffee prices |
| + 17% | Percentage change in new coffee prices |
| $6.40 | Before coffee prices |
| $7.50 | After coffee prices |
| 3/4/2009 | Date of second 602 |
| 5/20/2009 | Date of initial 602 response |
|  | Summary of information given to Godoy in initial response; summary of any documents given: |
|  | Cites Penal Code of State of California, Part 3, Title 7, Chapter 1, Section 5005 re Canteens; Department Operations Manuel (DOM) Section 54010.1; and DOM Section 23010.1. |
|  | Claims that major sources of IWF revenues are from canteens, handicraft programs, photo projects and donations, not just from canteen sales. |
|  | "Your claim that Pelican Bay State prison (PBSP) and CDCR is in violation of the **Takings Clause** of your Fifth Amendments rights is unsubstantiated. The **Takings Clause** refers to and protects basic property rights." |
|  | No other documents attached. |
|  | Signed: Tammy Foss, Procurement and Services Officer II; H. Adams, Correctional Business Manager of Business Services |

1

| | |
|---|---|
| **6/5/2009** | Date of second level of 602 request |
| **6/15/2009** | Date of second level 602 response |

Summary of information given to Godoy in second level review; summary of any documents given:

"Per the California PC 5005, the sale prices of items offered for sale in the canteen shall be fixed by the director at the amounts that will, as far as possible, render each canteen self-supporting…Per policy, unless a uniform price on a canteen item is established, items in the inmate canteens shall be sold at the lowest possible price that assures the profit margin established in the annual budget and is sufficient to support the IWF."

No other documents attached.

Signed: Francisco Jacquez, Warden

| | |
|---|---|
| **Unknown** | Date of director level 602 |
| **9/14/2009** | Date of director level response |

Summary of information given to Godoy in director level review; summary of any documents given:

Maintains the finding and decision from the second level response.

"Appellant has failed to support his appeal issue with sufficient evidence or facts to warrant a modification of the decision at the SLR."

"Granting the appellant's request would be a violation of policy I institution is operating the canteen pursuant to policy and state law."

Signed: N. Grannis, Chief of Inmate Appeals Branch

*Godoy v. CDCR*

# EXHIBIT

# B-1


# Second 602

Case4:09-cv-04793-PJH Document1 Filed10/07/09 Page47 of 85

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT

RECEIVES SAME SHOES SUBJECT TO RISING PRICES

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category

PBSP

1. _____    1. C09-01205    11/9
2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Godoy, J | NUMBER K-53717 | ASSIGNMENT | UNIT/ROOM NUMBER C7-105 |

A. Describe Problem: This appeal is in regards to CDCR's ongoing practice of using proceeds from inmate canteen sales to fund the Inmate Welfare Fund. I previously submitted a CDCR 602 regarding the price of coffee & other canteen items in which I allege price gouging. I incorporate my previous statements of the facts about the practice of gouging me & other similarly situated inmates by improper increases in the price of coffee & other canteen items. The Director's Level Response

If you need more space, attach one additional sheet.

(CONTINUED ON ATTACHED)

B. Action Requested: ① That CDCR cease & desist from the practice of using proceeds from inmate canteen sales to fund the IWF (Inmate Welfare Fund). ② That P.B.S.P. re-adjust the price of coffee & all canteen items to reflect a fair market value.

Inmate/Parolee Signature: _James Godoy_    Date Submitted: 3/4/09

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

BYPASS

RECEIVED
JUN 19 2009
INMATE APPEALS BRANCH

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim    CDC Appeal Number: _____

JUN 0 5 2009

MAR 0 6 2009    APR 2 1 2009    2nd Appeals
26    1st CBvM - I

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

**E. REVIEWER'S ACTION** (Complete within 15 working days): Date assigned: 4-20-09    Due Date: 6-2-09

Interviewed by: J. RUPERT, PRISON CANTEEN Mgr II oN 5-14-09.

"SEE ATTACHED"

Staff Signature: Tammy Foss    Title: PSO II    Date Completed: 5/19/09

Division Head Approved:    Title: CBM    Returned
Signature: ___    Date to Inmate: 5/27/09

**F.** If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

I contend that P.B.S.P. continues to be in violation of state & federal law as asserted in this appeal. I further contend that P.B.S.P has not been adhering to the time limits in responding to this appeal as it took 3 months for them to respond at the first level.

Signature: ___    Date Submitted: 6/1/09

Second Level ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

**G. REVIEWER'S ACTION** (Complete within 10 working days): Date assigned: 6-5-09    Due Date: 7-3-09

☐ See Attached Letter

Signature: N Thom CCII    Date Completed: 6-11-09

Warden/Superintendent Signature: MS ___    Date Returned to Inmate: JUN 1 5 2009

**H.** If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Pelican Bay State Prison continues to be in violation of state & federal law as asserted in this appeal. I request that this appeal be fully granted.

Signature: James Foley    Date Submitted: 6/16/09

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

**DIRECTOR'S ACTION:** ☐ Granted ☐ P. Granted ☒ Denied ☐ Other ___
☐ See Attached Letter
CDC 602 (12/87)    Date: SEP 1 4 2009

0828052
K53717

(A. CDCR 602 CONTINUED)

indicates the canteen fund is being used to pay over money from inmates into the inmate welfare fund. This constitutes an improper taking of my money & other inmate's money for a public purpose of funding the inmate welfare fund. I now re-state my claim as an improper taking of money from me & other inmates similarly situated without just compensation, in violation of the takings clause of the Fifth Amendment of the United States Constitution.

# EXHIBIT

# B-2

# Initial Level Denial

S U P P L E M E N T   P A G E

<u>RE</u>:     PELICAN BAY STATE PRISON
          Appeal Log PBSP  C-09-01205
          First Level Reviewer's Response

          Inmate:        GODOY          K-53717

<u>APPEAL DECISION</u>:

          DENIED

<u>APPEAL ISSUE</u>:        (Modified)

          REQUESTS COFFEE AND OTHER PRICES BE REDUCED. FURTHER REQUESTS
          PROCEEDS FROM INMATE CANTEEN SALES STOP FUNDING THE INMATE
          WELFARE FUND.

<u>APPEAL RESPONSE</u>:

A review of your appeal has been completed.  Your complaint, including your requested remedial
action, has received careful consideration.  You were interviewed by Prison Canteen Manager II
(PCM-II), J. Rupert on May 14, 2009. During the course of this interview you related essentially
the same information as that which was contained in your appeal. You are requesting the prices
of Folgers coffee and other canteen items be reduced. You further request that California
Department of Corrections and Rehabilitation (CDCR) cease from the practice of using proceeds
from canteen sales to fund the Inmate Welfare Fund (IWF). I refer you to Inmate Appeal,
Log #PBSP-C08-01668, which you submitted in June 2008. The issue of canteen price increases
was addressed in that appeal.  You further requested CDCR cease from using proceeds from
inmate canteen sales to fund the IWF.

I direct your attention to the Penal Code of the State of California, Part 3, Title 7,
Chapter 1, Section 5005, Canteens, which states in part,

> "The department may maintain a canteen at any prison or institution under
> it's jurisdiction for the sale to persons confined therein of toilet articles,
> candy, and other sundries, and may provide the necessary facilities,
> equipment, personnel and merchandise for the canteen. The sales prices of
> the articles offered for sale shall be fixed by the director at the amounts
> that will, as far as possible, render each canteen self-supporting."

In addition, Departmental Operations Manuel (DOM) Section 54070.1, states:

> Canteens for inmate use shall be established in all institutions and camps of the
> Department pursuant to Penal Code 5005.  The administration of canteens shall conform
> to all applicable laws, regulations and the content of this procedure.

Page 2
CDC-602
Inmate: GODOY, K-53717
Log #PBSP-C09-01205
First Level of Review

**PELICAN BAY STATE PRISON**
**SECURITY HOUSING UNIT**
**UNIT C-7**

I further direct your attention to DOM Section 23010.1 which states in part:

"The Director administers the IWF as a trust for the benefit and welfare of all inmates under the jurisdiction of the Department. The IWF is used to provide the following:

- Leisure time activities for inmates
- Essential items for purchase by inmates.
- Handicraft Program opportunities."

Your statement and assumption that canteen sales solely fund the IWF is incorrect. The following areas are major sources of IWF revenue: canteens at each institution, handicraft programs, photo projects, donations. Some examples of appropriate expenditures of the IWF: Rental of Movie films, Basic television Cable service, prizes and awards, Canteen, Photo project and Handicraft programs. Your claim that Pelican Bay State prison (PBSP) and CDCR is in violation of the **Takings Clause** of your Fifth Amendment rights is unsubstantiated. The **Takings Clause** refers to and protects basic property rights. The **Takings Clause**, the last clause of the Fifth Amendment, limits the power of eminent domain by requiring that "just compensation" be paid if private property is taken for public use.

Based on the above information, your appeal is denied at the First Level of Review.

_Tammy Foss_                    5/19/09
T. FOSS                              Date
Procurement and Services Officer II

_H. Adams_ (signature)           5/20/09
H. ADAMS                           Date
Correctional Business Manager
Business Services

# EXHIBIT

# B-3

# Warden Level Denial

| PELICAN BAY STATE PRISON |
| SECOND LEVEL REVIEW |

DATE: JUN 1 5 2009

Inmate GODOY, K53717
Pelican Bay State Prison
Facility C, Security Housing Unit
Building 7, Cell 105

RE: WARDEN'S LEVEL DECISION      APPEAL: DENIED
     APPEAL LOG NO. PBSP-C-09-01205      ISSUE: PROGRAM

This matter was reviewed by Francisco Jacquez, Warden (A), at Pelican Bay State Prison (PBSP). On May 14, 2009, Prison Canteen Manager II J. Rupert conducted the interview at the First Level of Review.

## ISSUES

Inmate Godoy requests that proceeds from the inmate canteen sales cease to fund the Inmate Welfare Fund (IWF). The inmate, also, requests that the cost of coffee and other canteen items be reduced.

## FINDINGS

### I

The inmate alleges, in his appeal, that he is being subjected to price gouging at the canteen and his money is being improperly taken to fund the IWF.

### II

The inmate was dissatisfied with the First Level Response, asserting that PBSP is in violation of state and federal law.

## DETERMINATION OF ISSUE

The California Penal Code (PC) 5005 states, in part, *"The department may maintain a canteen at any prison or institution under its jurisdiction for the sale to persons confined therein of toilet articles, candy, notions, and other sundries, and may provide the necessary facilities, equipment, personnel, and merchandise for the canteen. The director shall specify what commodities shall be sold in the canteen. The sale prices of the articles offered for sale shall be fixed by the director at the amounts that will, as far as possible, render each canteen self-supporting."*

The California Code of Regulations (CCR), Title 15, Section 3090 (a), Inmate Canteen Establishment and Draw Limits states, in part, *"Each facility shall establish an inmate canteen pursuant to PC section 5005 enabling inmate purchase of approved merchandise."*

Supplement Page 2
GODOY, K53717
Appeal # PBSP-C-09-01205

The Department Operations Manual (DOM), Chapter 5, Article 43, Inmate Property, Section 54030.1, states, in part, *"The possession of personal property is a privilege and is subject to conditions and restrictions established in CCR Sections 3044, 3314, and 3315."*

The DOM, Article 50, Canteen, Section 54070.1, Policy, states, in part, *"Canteens for inmate use shall be established in all institutions and camps of the Department pursuant to PC 5005. The administration of canteens shall conform to all applicable laws, regulations and the content of this procedure. Designated staff shall assure…That unless a uniform price on a canteen item is established, articles in inmate canteens shall be sold at the lowest possible price that assures the profit margin established in the annual budget and is sufficient to support the institution's Inmate Welfare Fund (IWF) program."*

The PBSP DOM Supplement, Section 54070, Canteen, states, in part, *"The level of merchandise maintained in the Canteens and Warehouse will be based on past sales history; inmate population; current inmate buying trends; current vendor pricing; delivery and sales policies; and the amount of monies budgeted to PBSP from the IWF in Sacramento. Canteen use is a privilege, not a right…"*

A thorough investigation was conducted at the First Level of Review. The inmate's contention that the canteen sales solely fund the IWF is incorrect. The following areas are major sources of IWF revenue: canteens at each institution, handicraft programs, photo projects and donations. Some examples of expenditures of the IWF include: rental of movie films, basic television cable service, prizes and awards, canteen, photo project and handicraft programs.

Per the California PC 5005, the sale prices of items offered for sale in the canteen shall be fixed by the director at the amounts that will, as far as possible, render each canteen self-supporting. The inmate has failed to provide evidence to support his allegation that PBSP canteen is price gouging. The canteen staff continually makes every effort to provide the inmate population with a variety of canteen items at the lowest possible price. Per policy, unless a uniform price on a canteen item is established, items in the inmate canteens shall be sold at the lowest possible price that assures the profit margin established in the annual budget and is sufficient to support the IWF. This APPEAL IS **DENIED** at the Second Level of Review.

## MODIFICATION ORDER

No modification of this decision or action taken is required.

FRANCISCO JACQUEZ
Warden (A)

NAT # 73      Date 06/11/09

# EXHIBIT

# B-4

# Director Level Denial

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: SEP 1 4 2009

In re:   James Godoy, K53717
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0828052          Local Log No.: PBSP-09-01205

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Phillips, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that the canteen has engaged in "price gouging" as a way to fund the IWF. He requests that the CDCR cease and desist from the practice of using proceeds from the inmate canteen sales to fund the IWF, and that Pelican Bay State Prison (PBSP) re-adjust the price of canteen items to reflect a fair market value.

**II   SECOND LEVEL'S DECISION:** The reviewer found that the appellant's contention that the canteen sales solely fund the IWF is incorrect. Canteens at each prison, handicraft programs, photo projects and donations are major sources of IWF revenue. Some examples of IWF expenditures are movie films, basic television cable service, prizes and awards, canteen, photo project and handicraft programs. Pursuant to California Penal Code Section (PC) 5005, the sale prices of items offered for sale in the canteen shall be fixed by the director, at amounts that will, as far as possible, render each canteen self-supporting. The appellant has failed to provide evidence to support his allegation that the PBSP canteen is price gouging. Pursuant to policy, unless a uniform price on a canteen item is established, items in the inmate canteens shall be sold at the lowest possible price that assures the profit margin established in the annual budget, and is sufficient to support the IWF. The appeal was denied at the Second Level of Review (SLR).

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

   **A.  FINDINGS:** The documentation and arguments presented are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or facts to warrant a modification of the decision at the SLR. Pursuant to CDC Operations Manual Section (DOM) 54070.1, canteens for inmate use shall be established in all institutions and camps of the Department pursuant to PC 5005. The administration of canteens shall conform to all applicable laws, regulations, and the content of this procedure. Designated staff shall assure that all funds earned as profit from such canteens shall be deposited in the IWF. Unless a uniform price on a canteen item is established, items in the inmate canteens shall be sold at the lowest possible price that assures the profit margin established in the annual budget, and is sufficient to support the IWF. Granting the appellant's request would be a violation of policy. The institution is operating the canteen pursuant to policy and state law. Despite the appellant's dissatisfaction with the SLR decision, there is no evidence that staff violated policy. Further review at the Director's Level of Review is not warranted.

   **B.  BASIS FOR THE DECISION:**
   CCR: 3001
   DOM 54070.1
   PC 5005

   **C.  ORDER:** No changes or modifications are required by the Institution.

JAMES GODOY, K53717
CASE NO. 0828052
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, PBSP
        Appeals Coordinator, PBSP

**Government Claims Form**
**California Victim Compensation and Government Claims Board**
**P.O. Box 3035**
**Sacramento, CA 95812-3035**

**1-800-955-0045 ▪ www.governmentclaims.ca.gov**

**State of California**
~~Victim Compensation and~~
~~Government Claims Board~~

MAR 27 2009

~~Government Claims Board~~
**For Office Use Only**
**Claim No.:**

FILING FEE ~~RECEIVED~~

## Is your claim complete?

- [ ] **New!** Include a check or money order for $25 payable to the State of California.
- [ ] Complete all sections relating to this claim and sign the form. Please print or type all information.
- [ ] Attach receipts, bills, estimates or other documents that back up your claim.
- [ ] Include two copies of this form and all the attached documents with the original.

## Claimant Information

**①** Godoy — Last name | James, K-53717 — First Name | MI

**②** Tel: 707 | 465 | 1000

**③** Email: n/a

**④** P.O. Box 7500 — Mailing Address | Crescent City — City | CA — State | 95532 — Zip

**⑤** Best time and way to reach you: Any time via mail only.

**⑥** Is the claimant under 18? ☐ Yes ☑ No   If YES, give date of birth: ___ MM ___ DD ___ YYYY

## Attorney or Representative Information

**⑦** Franck — Last name | Herman — First Name | MI

**⑧** Tel: 916 | 447 | 8400

**⑨** Email:

**⑩** 1801 7th Street, Suite 150 — Mailing Address | Sacramento — City | CA — State | 95811 — Zip

**⑪** Relationship to claimant: Attorney

## Claim Information

**⑫** Is your claim for a stale-dated warrant (uncashed check) or unredeemed bond? ☐ Yes ☑ No

State agency that issued the warrant: _____ If NO, continue to Step **⑬**

Dollar amount of warrant: _____ | Date of issue: ___ MM ___ DD ___ YYYY

Proceed to Step **㉒**

**⑬** Date of Incident: November 26, 2008

Was the incident more than six months ago? ☐ Yes ☑ No
If YES, did you attach a separate sheet with an explanation for the late filing? ☐ Yes ☐ No

**⑭** State agencies or employees against whom this claim is filed:

California Department of Corrections and Rehabilitation

**⑮** Dollar amount of claim:

If the amount is more than $10,000, indicate the type of civil case:
- [ ] Limited civil case ($25,000 or less)
- [x] Non-limited civil case (over $25,000)

Explain how you calculated the amount:

**16** Location of the incident:

Pelican Bay State Prison, P.O. Box 7500, Crescent City, CA 95532

**17** Describe the specific damage or injury:

Raising prices on canteen products sold in prison store to make up for lost funds in Inmate Welfare Fund. Inmates are overpaying for canteen products such as coffee.

**18** Explain the circumstances that led to the damage or injury:

CDCR instituted a program to make up for lost funds in Inmate Welfare Fund by issuing a series of extreme price increases to various canteen products sold in prison store.

**19** Explain why you believe the state is responsible for the damage or injury:

California Department of Corrections and Rehabilitation instituted this program of raising prices.

**20** Does the claim involve a state vehicle? ☐ Yes ☑ No

If YES, provide the vehicle license number, if known:

## Auto Insurance Information

**21**

Name of Insurance Carrier

| Mailing Address | | City | | State | Zip |
|---|---|---|---|---|---|

| Policy Number: | | Tel: | |
|---|---|---|---|

Are you the registered owner of the vehicle? ☐Yes ☐No

If NO, state name of owner:

Has a claim been filed with your insurance carrier, or will it be filed? ☐Yes ☐No

Have you received any payment for this damage or injury? ☐Yes ☐No

If yes, what amount did you receive?

Amount of deductible, if any:

Claimant's Drivers License Number:

| Make of Vehicle: | Model: | Vehicle License Number: |
|---|---|---|

| Vehicle ID Number: | | Year: |
|---|---|---|

## Notice and Signature

**22** I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72).

_James Vorley_                    March 17, 2009

Signature of Claimant or Representative          Date

**23** Mail the original and two copies of this form and all attachments with the $25 filing fee or the "Filing Fee Waiver Request" to: Government Claims Program, P.O. Box 3035, Sacramento, CA, 95812-3035. Forms can also be delivered to the Victim Compensation and Government Claims Board, 400 R St., 5th flr, Sacramento.

## For State Agency Use Only

**24**

| Name of State Agency | Fund or Budget Act Appropriation No. |
|---|---|

| Name of Agency Budget Officer or Representative | Title |
|---|---|

| Signature | Date |
|---|---|

VCGCB-GC-002 (Rev. 8/04)

# PROOF OF SERVICE

I, KIMSA CAO, declare as follows: That I am an adult over the age of 18, and have an office in Sacramento, California and am not a party to the present action.  On the date signed below, I served by mailing via first class prepaid postage the following documents:

1.   Government Claims Form

The above listed documents were served on all parties herein by mailing via first-class pre-paid postage copies to the following addresses via first class prepaid postage:

California Victim Compensation and
Government Claims Board
P.O. Box 3035
Sacramento, CA 95812-3035

I declare under oath and under penalty of perjury that the forgoing is true and correct and that this declaration was executed on March 27, 2009 in Sacramento, California.

_KIMSA CAO_

*Godoy v. CDCR*

PROOF OF SERVICE

1  Herman Franck, Esq. (SBN. 123476)
   Elizabeth Vogel, Esq. (SBN. 245772)
2  Chiayu Chang, Esq. (SBN. 245484)
   **FRANCK & ASSOCIATES**
3  1801 7th Street, Suite 150
   Sacramento, California  95814
4  Telephone (916) 447-8400
   Facsimile (916) 447-0720
5

6  Attorney for Claimant,
   James Godoy on Behalf of Himself,
7  And Class Representative of Others
   Similarly Situated
8

9              **BEFORE THE STATE OF CALIFORNIA**
10                **STATE BOARD OF CONTROL**

11

12                                    Case No. _____

13  JAMES GODOY ON BEHALF OF
    HIMSELF & CLASS REPRESENTATIVE
14  OF OTHERS SIMILARLY SITUATED,

15

16              Claimants,            **NOTICE OF CLAIM**
                                      **[GOVERNMENT CODE SECTION**
17      v.                            **910]**

18  CALIFORNIA DEPARTMENT OF
    CORRECTIONS AND REHABILITATION
19  [CDCR],

20

21              Respondents.

22

23  Claimant James Godoy on behalf of himself and as representative of all others similarly situated

24  herewith states and alleges as follows:

25

26  *James Godoy v. CDCR*

# I.
## NATURE OF CLAIM

This is a claim for violation of B&P Code section 17200 and for the intentional tort of conversion of property based on the following conduct the of respondent and officials below.

During the period of June 1, 2008 to May 31, 2009, California Department of Corrections and Rehabilitation [CDCR] instituted a program to make up for lost funds into Inmate Welfare Fund by issuing a series of extreme price increases to various canteen products sold to inmates in a prison store. An example of one such price increase is to coffee. The details of the coffee issue is set forth in the inmate agreement document [Form 602], a copy of which is attached hereto, as well as various responses at the official, warden and director levels. As can be seen in the director level response, the price increase does not reflect a price increase issued by the manufacturer/distributer/supplier, but rather represents the CDCR's oppressive, bad faith, fraudulent decision to replenish a loss to the Inmate Welfare Fund [IWF], which was brought on in part by a consent decree and court decision in a case entitled *Schneider v. CDC*, 91 F. Supp. 2d 1316 (9th Cir. 2003) [renamed as *Ashker v. CDC*, U.S. District Court, Northern District of California, Action No. 96-1739], in which the CDCR agreed that the former practice of diverting interest from inmate trust accounts into the Inmate Welfare Fund would be terminated, and that instead inmates would receive interest from those accounts to replenish the loss of funding to the IWF. The department has now instituted a program of severe and extreme increases in the pricing of food products, and has used the increase in prices to fund public welfare interests from the Inmate Welfare Fund.

1    Such conduct constitutes a violation of B&P Code section 17200, the Unfair Competition Act, in

2    that such conduct constitutes a fraudulent, oppressive, unfair and illegal business practice. This

3    practice is illegal in that constitutes an illegal taking of property, which is in violation of Article

4    1, Section 19 of the California Constitution, and further violation of the public Takings Clause of

5    the 5th Amendment of the U.S. Constitution.

6

7    Such conduct also constitutes a conversion of money, a flat out taking of money from inmates,

8    and use of money for public purpose with the intent to permanently deprive inmates of those

9    funds.

10

11   Claimant will request attorney fees available for the tort of conversion. Claimant requests

12   compensatory damages equal to the price of coffee and other canteen products which have

13   similarly gone up in price in a severe manner.

14

15   Claimant requests all equitable remedies including injunctive relief, and restitution under B&P

16   Code section 17200.

17

18

19

20

21

22

23

24

25

26

*James Godoy v. CDCR*

## II.
## INVOLVED OFFICIALS

Claimant does not know all the names of all involved officials in the wrongdoing, but lists the following as a partial list of those known to him.

1.  Robert A. Horel, Warden

2.  Tammy Foss, Procurement and Services Officer II

3.  M.A. Cook, Associate Warden of Business Services

4.  Timothy Gilpin, Associate Director of Accounting Services

5.  J. Rupert, Prison Canteen Manager

6.  N. Grannis, Chief of Inmate Appeals Branch

## III.
## AMOUNT OF CLAIM

The claimant represents himself as a member of a class in this action on behalf of himself and others similarly situated. The amount of claim is under the unlimited jurisdiction of Superior Court of California.

## IV.
## DATE OF INCIDENT

Claimant discovered facts concerning this incident during November 26, 2008, as shown in 602 response.

The claim is continuing, thus the date of incident starts from the filing of the initial level 602 form, through the present and through to the future.

*James Godoy v. CDCR*

1

2   Claimant requests all equitable remedies including injunctive relief and restitution under the

3   B&P Code section 17200.

4

5

6                                          **V.**

7                            **FURTHER CORRESPONDENCE**

8   All further correspondence should be forwarded to:

9

10      Herman Franck, Esq.

11      FRANCK & ASSOCIATES
        1801 7th Street, Suite 150

12      Sacramento, California
        Telephone: (916) 447-8400

13      Facsimile: (916) 447-0720

14

15

16  Respectfully submitted,

17  *[signature]*

18  Elizabeth Vogel, Esq.                          Dated: March 27, 2009
    Attorney for Claimant,

19  James Godoy on Behalf of Himself,
    And as Class Representative of Others

20  Similarly Situated

21

22

23

24

25

26
    *James Godoy v. CDCR*
                                NOTICE OF CLAIM                              5
                         Government Code Section 910

# LIST OF ATTACHMENTS

| | |
|---|---|
| Exhibit A: | [April 7, 2008] Memorandum Re: Canteen coffee contract renewal and standardized prices with price list |
| Exhibit B: | Inmate/Parolee Appeal Form |
| Exhibit C: | Inmate/Parolee Appeals Screening Form |
| Exhibit D: | First Level of Review notice of denial |
| Exhibit E: | Second Level of Review notice of denial |
| Exhibit F: | Director's Level Appeal Decision, notice of denial |
| Exhibit G: | Most recent Form 602 |

*James Godoy v. CDCR*

# Exhibit

# A

State of California                                                    Department of Corrections and Rehabilitation

# Memorandum

ate     :    April 7, 2008

To      :    Wardens
             Associate Wardens,
                 Business Services

Subject:     **CANTEEN COFFEE CONTRACT RENEWAL AND STANDARDIZED PRICES**

This memorandum is to inform you that the Department has signed a renewal canteen master coffee contract, No. C07.251, with Jenny Service Co. The renewed coffee contract is effective June 1, 2008 through May 31, 2009. All canteen managers are required to purchase the listed coffee items in accordance with the master canteen contract renewal distributed by Steve Stone, Procurement Liaison Unit (PLU), on March 27, 2008 to all Procurement and Services Officers. The Inmate Services Accounting Unit can only pay resale invoices for coffee items purchased in accordance with the master canteen contract renewal and those invoices approved by PLU. All other resale merchandise invoices for coffee items cannot be paid. Based on the contract's cost changes and Inmate Welfare Fund's financial needs, the standardized selling prices for the coffee contract items are listed below.

| | |
|---|---|
| Folgers Regular, 8 ounce | $7.50 |
| Bradford, 3 ounce | $2.90 |
| Bradford, 4 ounce | $3.40 |
| Folgers Decaf, 8 ounce | $7.90 |

Please distribute this memorandum to all appropriate staff at your institution. If you or your staff have any questions on the standardized prices, please call Judy Parker, Manager, Inmate Accounting Branch, at (916) 255-1064 or Renee Colovos, Contract Liaison, (916) 255-0953, renee.colovos@cdcr.ca.gov.

TIMOTHY GILPIN
Associate Director
Accounting Services

cc:  Marisela Montes, Deputy Director, Division of Adult Institutions
     Associate Directors
     Heidi Lackner, Director, Division of Support Services
     Scott Carney, Deputy Director, Office of Fiscal Services
     Procurement Officers
     Canteen Managers
     Sabrina Donelli, Procurement Liaison Unit
     Steve Stone, Procurement Liaison Unit
     Renee Colovos, Inmate Accounting Systems
     Judy Parker, Inmate Accounting Section

# CANTEEN CONTRACTS

Effective June, 2008

| CONTRACT | NUMBER | EXPIRES | COMPANY |
|---|---|---|---|
| Ramen Noodle Soup | C07.131 | March 31, 2009 | Keefe |
| Condiments | C07.160 | April 30, 2009 | Food Express USA |
| Coffee | C07.251 | May 31, 2009 | Jenny |
| Cookies & Crackers | C07.004 | July 31, 2008 | Jenny |
| Personal Care | C07.033 | September 30, 2008 | Jenny |
| Chips | C07.040 | January 31, 2009 | Snackers |
| Soda | C07.032 | October 31, 2008 | Pepsi Bottling Group |
| Canned Foods / Pouch | C07.128 | February 28, 2009 | Jenny |
| Candy | C07.041 | November 30, 2008 | Food Express USA |
| Dehydrated Foods | C07.012 | August 31, 2008 | Keefe |

# Exhibit

# B

*Canteen Prices*

PELICAN BAY STATE PRISON
STATE OF CALIFORNIA SECURITY HOUSING UNIT
UNIT C7                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region     Log No.          Category
1. **PBSP**    1. C08-01668         16/21
2. _____ 2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| J. Godoy | K-53717 | | C7-105 |

**A. Describe Problem:** On 5/30/08 I was issued a copy of the P.B.S.P.-S.H.U. canteen list for the month of June 2008. Upon inspecting the list I noted that the listed price for an 8oz. Jar of Folgers Coffee had been increased to $7.50. The previous price was $6.40, so the price went up $1.10, over 17% within one month. I had someone check with Union Supply, Access, & Walkenhorst's vendors to see if they had also raised their prices of the 8oz Folgers Coffee, & I was told that they had not. So I believe that Pelican Bay Prison officials are engaging in unlawful and/or unethical price-gouging with regard to the price

If you need more space, attach one additional sheet.

(CONTINUED ON ATTACHED)

**B. Action Requested:** That the price of Folgers coffee on the P.B.S.P. canteen list be reduced to reflect a fair market value, or that other brands of 8oz coffee be made available to P.B.S.P. inmates at a more reasonable price. That all canteen items be reasonably priced at fair market value.

Inmate/Parolee Signature: _____     Date Submitted: 6/5/08

**C. INFORMAL LEVEL (Date Received: 6-11-08 )**

Staff Response: The coffee is a contracted item and P.B.S.P. officials do not set the prices. Attached is copy of contract prices, supply and demand is really true in this day and age.

Staff Signature: R. Cummings                Date Returned to Inmate: 6-12-08

RECEIVED
AUG 13 2008
APPEALS BRANCH

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

The issues in the action requested have not been fully addressed. As I contend in this appeal, there are other sources who sell the same coffee, for a lot less. I believe that both of the contracting parties (CDCR & Jerry Service Co) are exploiting their position for financial gain at inmate's expense, this warrants investigation.

Signature: _____                Date Submitted: 6-20-08

If Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

JUN -0 9 2008     JUN 16 2008     JUL 21 2008
                  1st B/S    Appeals   2ND APPEAL

First Level ☐ Granted ☐ P. Granted ☒ Denied ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 6/16/08 Due Date: 7/29/08

Interviewed by: J. RUPERT, PRISON Canteen Mgr II on 6/24/08.

"SEE ATTACHED"

Staff Signature: Jammy Joss Title: PISO II Date Completed: _____

Division Head Approved:

Signature: Victor W Conway Title: CBM A Returned: Date to Inmate: 7/16/08

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

During my 1st level of review interview, I learned that CDCR purchases 8oz Folger's Coffee Jacs for approx. $4.50 per jar (wholesale) then marks them up to $7.50 per Jar, that's a $3.00 markup, almost 66% ! I was also in-formed that all canteen items are marked-up at least 50% above wholesale price! I believe that CDCR is in a position of undue influence with regard to canteen product pricing & is engaging in price gouging. The 602 should be gran

Signature: James Speeler Date Submitted: 7-20-08

Second Level ☐ Granted ☒ P. Granted ☒ Denied ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 7/21/08 Due Date: 8/8/08

☒ See Attached Letter

Signature: for C. H. WISE, Lt. Date Completed: 8-3-08 AUG 07 2008

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

The issues on this appeal have not been fully addressed. Thus far, all responses have been evasive as to the issues on this appeal. I request that all issues on this appeal be fully & carefully addressed, and that the action requested be granted.

Signature: James Speeler Date Submitted: 8/10/08

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

0803264

K53717

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☒ Denied ☐ Other _____
☒ See Attached Letter

CDC 602 (12/87)

NOV 2 6 2008

Date: _____

( 602 CONTINUED )

of 8oz Jar of Folgers Coffee, and possibly other canteen items as well.

continued
(B) I further request that CDCR & P.B.S.P. disclose their canteen pricing methods, along with regulatory authority for implementing such methods. What percentage goes to Inmate Welfare Fund, profit, etc.? What statutes or regulations allow CDCR to implement these mark-ups on canteen products?

# Exhibit

# C

# INMATE/PAROLEE APPEALS SCREENING FORM

NAME: _____ CDC #: _____ HOUSING: _____

## YOUR APPEAL IS BEING RETURNED FOR THE FOLLOWING REASON(S):

[✓] 4. In violation of the CCR, Title 15, Sections 3084.2(b), 3084.3(c)(4) & 3084.5(a)(1), you failed and must attach evidence that shows you attempted to get an Informal resolution, prior to the appeal being assigned to the Formal Level(s) of appeal review. If a staff member fails to respond after 10 working days, use the Chain of Command and submit the Appeal to that staff member's supervisor, or unit/area supervisors.

[ ] Counselor        [ ] PBSP R&R         [ ] Med Clinic        [ ] Records
[ ] Unit Officer     [ ] PSU Property     [ ] Dental Clinic     [ ] Inmate Assignments
[ ] Mail Room        [ ] PBSP SHU Prop.   [ ] Psych Office      [ ] PBSP Trust Office
[ ] Law Library      [ ] Food Services    [ ] Med Records       [ ] Plant Ops
[ ] Work Supervisor                       [✓] Other  Canteen

[ ] 5. You have not adequately completed the CDC Form 602, or have not attached the proper documents. Follow instructions and attach the items noted below, send what documents you have, or explain why they are not available per the CCR, Title 15, Section 3084.3(c)(5):

[ ] Supporting Documents & Receipts        [ ] CDC 1845 Disability Verification
[ ] GA 22 Request For Interview            [ ] CDC 1824 Reasonable/Accommodation
[ ] CDC 115 Results With final dispo       [ ] CDC 7362 Health Care Required Co-Pay
[ ] CDC 115 IE/DA information/Report       [ ] CDC 128-C Medical Chrono
[ ] CDC 115 Supplemental Reports           [ ] Cell Search Slip
[ ] CDC 114-D Lockup Order                 [ ] Property Inventory Receipt
[ ] CDC 1030 Confidential Disclosure       [ ] CDC 143 Property Transfer Receipt
[ ] Lab Results Sheet                      [ ] Package Inventory Slip
[ ] CDC 7219 Medical Report                [ ] Proof of Ownership/Value
[ ] CDC 128-A _____             [ ] More Specific Information
[ ] CDC 128-B _____             [ ] Trust Statement
[ ] CDC 128-G _____             [ ] CDC 193 Trust Acct Withdrawal Order
[ ] CDC 629A/629B Assess SHU Term          [ ] Legal Status Summary
[ ] CDC 812/A/B Critical/Enemy             [ ] Abstract of Judgment (AOJ)
[ ] CDC 839/840 Class/Reclass Score        [ ] CDC 1858[PC 148.6/CCR 3391(d)] Info.Advis.
[ ] CDC 958 Restoration Request            [ ] Emerg. Unwarranted CCR 3084.7(a)(2)(A)
[ ] CDC 1819 Correspondence Denial         [ ] Failed to Complete Section _____
[ ] Other                                  [ ] Sign & Date Section _____
                                           [ ] CDC Form 602 _____

[ ] 7. The issue has been resolved, PBSP Appeal Log No. _____. A copy of the Second (Warden's) Level of Appeal review is attached per the CCR, Title 15, Section 3084.2(g)(1)(2)(3).

[ ] 8. Abuse of the appeal procedure: _____

Comments: _____
_____
_____
_____

J. J. KRAVITZ CCII                    _____
Medical Appeals Coordinator           Date

This screening action may not be appealed unless the above reasons are inaccurate and the inmate can provide supporting arguments against the screening decision.
## PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE

PBSP    (Rev. 11/06)    CCR 3084.3(d)    PBSP

# Exhibit

# D

RE:   PELICAN BAY STATE PRISON
Appeal Log PBSP   C-08-01668
First Level Reviewer's Response

Inmate:        GODOY              K-53717

APPEAL DECISION:

DENIED

APPEAL ISSUE:      (Modified)

REQUESTS COFFEE PRICES BE REDUCED OR ADDITIONAL BRANDS BE MADE AVAILABLE FOR INMATES TO PURCHASE.

APPEAL RESPONSE:

A review of your appeal has been completed.  Your complaint, including your requested remedial action, has received careful consideration.  You were interviewed by Prison Canteen Manager II (PCM-II), J. Rupert on June 24, 2008. During the course of this interview you related essentially the same information as that which was contained in your appeal. You are requesting the price of Folgers coffee be reduced or that other brands of 8-Ounce jars of coffee be made available for you to purchase from the inmate Canteen.  In addition, you stated you believe both California Department of Corrections and Rehabilitation (CDCR) and Jenny Service Company are exploiting their position for financial gain at the inmate's expense.

As referenced at the Informal level response of this appeal, coffee is one of ten purchasing contracts utilized by the Inmate Welfare Fund and Canteen departments statewide. These contracts are awarded through a bid process and are generally in effect for one (1) year. The current coffee contract went into effect June 1, 2008 and is valid through May 31, 2009. The items available on this current contract are: Bradford Freeze Dried coffee, 3 ounce; Bradford Instant coffee, 4 ounce; Folgers regular coffee crystals, 8 ounce; Folgers Decaffeinated coffee crystals, 8 ounce. All canteen managers are required to purchase coffee items in accordance with the master canteen contract. Based on the contract's cost changes and Inmate Welfare Fund's financial needs, the standardized selling prices for the coffee contract items are: Folgers Regular, $7.50, Folgers Decaf $7.90,  Bradford 3 ounce $2.90 and Bradford 4 ounce $3.40.  Pelican Bay State Prison is in compliance with both the purchasing contract and the standardized selling prices.

Based on the above information, your appeal is denied at the First Level of Review.

_____
T. FOSS                              Date
Procurement and Services Officer II

_____
M. A. COOK                        Date
Associate Warden
Business Services

# Exhibit

# E

| PELICAN BAY STATE PRISON |
| SECOND LEVEL REVIEW |

DATE:   **AUG 0 7 2008**

Inmate GODOY, K-53717
Pelican Bay State Prison
Facility C, Security Housing Unit
Unit 7, Cell 105

RE:   WARDEN'S LEVEL DECISION                    APPEAL: DENIED
      APPEAL LOG NO. PBSP-C-08-01668        ISSUE: FUNDS

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP). Prison Canteen Manager II (PCM-II) J. Rupert interviewed the inmate on June 24, 2008, at the First Level of Appeal Review.

## ISSUES

Inmate Godoy contends that the coffee prices in the canteen went up to $7.50, from $6.40, for an 8 oz. jar of Folgers coffee.  The inmate contends PBSP officials are engaging in unlawful price gouging.  After the First Level of review, the inmate contends that the California Department of Corrections and Rehabilitation (CDCR), is in a position of undue influence with regard to canteen product price gouging.  The inmate requests the price of coffee be reduced to a lower rate, more in line with the fair market value.  The inmate requests other brands of coffee be made available for purchase.

## FINDINGS

### I

The inmate was informed, by the First Level Reviewer, that CDCR has a contract for the item he questions the pricing of.  The inmate was informed and given a copy of the section of the contract that points this agreement out.  The inmate now contends that the price fixing and gouging is coming directly from CDCR.  The inmate was informed of the markup on the item in question and the fact that the portion is utilized by the Inmate Welfare Fund (IWF).

## DETERMINATION OF ISSUE

Based on the above review of the evidence, the inmate's request that the coffee item in question, as well as other canteen items, be priced lower is DENIED.  The item in question (coffee) is priced per contract with the CDCR, and all institutions must comply with the contract.  PBSP is following the contract.  The inmate's request for additional brands of coffee to be made available for purchase is

DENIED.  The CDCR contract does not allow the purchase of other brands of coffee.  This appeal is DENIED at the Second Level of Review.

## MODIFICATION ORDER

No modification of this action or decision is required.

ROBERT A. HOREL
Warden

GHW  08-04-2008

# Exhibit

# F

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: **NOV 2 6 2008**

In re: James Godoy, K53717
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0803264        Local Log No.: PBSP-08-01668

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner M. Broddrick. All submitted documentation and supporting arguments of the parties have been considered.

**I  APPELLANT'S ARGUMENT:** It is the appellant's position that the institution is charging an unfairly high price for coffee and possibly other items as well, at the prison canteen. The appellant's requested action is that the price of Folgers coffee at the canteen be reduced to reflect a fair market value, or that other more reasonably priced brands be made available. The appellant further requests that all canteen items be reasonably priced at fair market value. The appellant also wants the Department to disclose the canteen pricing methods and the regulatory authority upon which it is implemented.

**II  SECOND LEVEL'S DECISION:** The reviewer found that the appellant's issue was without merit and denied his grievance. The institution responded that contracts for coffee in the canteen are awarded through a bid process and are generally in effect for one year. The appellant was provided a copy of the departmental memorandum regarding the current contract for June 1, 2008, through May 31, 2009. All canteen managers are required to purchase coffee items in accordance with that master canteen contract. The raise in coffee prices is based upon the contract's cost changes and the Inmate Welfare Fund (IWF) financial needs and is in compliance with the purchasing contract and standardized selling prices.

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.  FINDINGS:** The documentation, arguments and departmental policy are convincing that the appellant's complaint was properly denied. Besides the procedural information provided at the previous levels, the California Penal Code Sections (PC) 2051, 5005, 5006, 5006.1, and 5007, contain the regulatory provisions relative to canteen operations, contract/bid practices and the IWF. In addition, the Director's Level of Review (DLR) notes that the PC 2084 reflects that the department must provide each prisoner with sufficient plain and wholesome food of such variety as may be most conducive to good health. Participation in canteen purchases is optional but is not necessary to sustain an inmate. As the evidence presented is persuasive that the applicable regulations were appropriately administered in this case, relief at the DLR is not warranted.

**B.  BASIS FOR THE DECISION:**
PC: 2051, 2084, 5005, 5006, 5006.1, 5007
California Code of Regulations, Title 15, Section: 3090, 3091

**C.  ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, PBSP
       Appeals Coordinator, PBSP

# Exhibit

# G