1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

9
10

JAMES GODOY, et al.,

Plaintiffs,                           No. C 09-4793 PJH

11
12

v.                                    **ORDER**

ROBERT A. HOREL, et al.,

13
14

Defendant.

_____/

15      Plaintiffs James Godoy, Rick Cruz, Miguel Marquez, William McIntosh, Vincente

16  Lopez, Carlos Galindo, Scott Stephenson, and Alex Gutierrez, who are presently

17  incarcerated by the State of California at Pelican Bay State Prison ("PBSP"), filed the

18  above-entitled proposed class action on October 7, 2009.  Plaintiffs have paid the $350

19  filing fee, and are represented by counsel.

20      Plaintiffs allege that defendants Robert A. Horel, Francisco Jacquez, N. Grannis,

21  and Matthew Cate raised the price of coffee and other food products in the PBSP canteen,

22  and assert further that the increased prices did not reflect a price increase imposed by the

23  food products manufacturer/distributor/supplier, but rather represented a decision by the

24  California Department of Corrections and Rehabilitation ("CDCR") to use this method to

25  replenish a loss in the Inmate Welfare Fund.

26      Plaintiffs allege four causes of action – (1) a claim under 42 U.S.C. § 1983, for

27  violation of the Takings Clause of the Fifth Amendment to the United States Constitution;

28  (2) a claim of fraudulent, oppressive, unfair, and illegal business practices, in violation of

California Business & Professions Code § 17200; (3) a claim for conversion; and (4) a claim for "inverse condemnation of money," brought under Art. 1, Sec. 19, of the California Constitution. Plaintiffs seek damages, and declaratory and injunctive relief.

On November 12, 2009, defendants e-filed a document that they listed on the clerk's docket as "Demand for Jury Trial." On January 6, 2010, the day before the Joint Case Management Conference Statement was due, defendants for the first time brought to the court's attention that the November 12, 2009 "Demand for Jury Trial" also included a request for a screening order pursuant to 28 U.S.C. § 1915A.

In the request for the screening order, defendants assert that the court should dismiss the § 17200 claim because a state agency is not a "person" within the meaning of California's Unfair Competition Law; because statutory immunity protects the CDCR from suit; and because the named defendants are "entitled to California Government Code immunities."

Defendants also argue that the conversion claim should be dismissed because there can be no conversion where an owner either expressly or impliedly assents to or ratifies the alleged taking, use, or disposition of his property. In addition, defendants contend, money cannot be the subject of a cause of action for conversion unless there is a specific, identifiable sum involved.

Finally, defendants "waive their right to reply to the complaint," but also "request that the Court allow them sixty days from the date of any screening order to file any necessary responsive pleading."

The general rule under 28 U.S.C. § 1915A is that "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint" if it is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

Here, however, because plaintiffs are represented by counsel, because the

1  complaint was filed as a purported class action, and because defendants' request for a

2  screening order more closely resembles a motion to dismiss, the court finds it preferable for

3  plaintiffs to respond to defendants' arguments with regard to the § 17200 claim and the

4  conversion claim," and the argument with regard to the "California Government Code

5  immunities."

6        Plaintiffs shall file a response no later than February 3, 2010.  Alternatively, if

7  defendants wish to file a regularly-noticed motion to dismiss, they may do so no later than

8  January 27, 2010.

9

10  **IT IS SO ORDERED.**

11  Dated:  January 11, 2010

_____

PHYLLIS J. HAMILTON
United States District Judge

3